UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 1:07-cr-20911-FAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DESMAR JASON AKINS,

    Defendant.

_____/

## ORDER DENYING MOTIONS FOR RELIEF FROM FINAL JUDGMENT AND ORDER DENYING MOTION FOR CREDIT TIME SERVED

THIS CAUSE came before the Court upon Defendant Desmar Jason Akins' Motions for Relief from Final Judgment **(D.E. 108 and 111)**, and Motion for Credit Time Served **(D.E. 106)**. THE COURT has considered the various motions, the responses in opposition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that, first, the motions for reconsideration are **DENIED** for being untimely and failing to provide a basis for relief. In both motions, Defendant argues that his sentence enhancement under the Armed Career Criminal Act is unconstitutional pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that act's residual clause invalid. *Id.* at 2563. However, a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) "must be made within a reasonable time." FED. R. CIV. P. 60(c). Defendant seeks reconsideration of an order entered on June 15, 2017—more than two years and seven months before Defendant filed the first of his motions for reconsideration. Such a long delay, without justification, is unreasonable. *See, e.g., Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam) (finding that a twenty-six month delay between entry of final judgment in section 2254 case and Rule 60(b)

motion constituted "a patently unreasonable delay absent mitigating circumstances.").

Even addressing the motions for reconsideration, they fail on the merits. Just as the Court explained in its June 15, 2017 order, Defendant has not shown that the Court relied on the residual clause of the Armed Career Criminal Act to enhance his sentence. Defendant cites *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), which stated that "the required showing is simply that [18 U.S.C.] § 924(c) may no longer authorize [a movant's] sentence as that statute stands after *Johnson*—not proof of what the judge said or thought at a decades-old sentencing." *Id.* at 1341. However, case law has since overruled that approach, now requiring that a movant "must show that the sentencing court relied solely on the residual clause to qualify a prior conviction as a violent felony and that there were not at least three other prior convictions that could have qualified as violent felonies or serious drug offenses." *Curry v. United States*, 714 F. App'x 968, 969 (11th Cir. 2018) (citing *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017)). Here, because Defendant does not prove that the Court relied solely on the residual clause—as opposed to the elements or enumerated-offenses clauses—his motions for reconsideration fail on the merits.

Second, Defendant's Motion for Credit Time Served is **DENIED** as he fails to show that he has exhausted his administrate remedies through the Federal Bureau of Prisons prior to bringing the instant motion. *See United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) ("[The defendant] has failed to demonstrate that he exhausted the administrative remedies available to him through the BOP. Therefore, the district court did not err in concluding it lacked the authority to grant [the defendant's] request for credit for time-served.").

DONE AND ORDERED in Chambers at Miami, Florida, this 3⁷ of March 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

2

Copies furnished to:

Counsel of Record

Desmar Jason Akins
79843-004
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521
PRO SE